KLEINFELD, J.,
concurring in part, dissenting in part.
I respectfully dissent, in part.
Luox’s .affidavit and testimony suffice to establish a genuine issue of fact about whether he suffered a significant change in his employment status on account of rejecting his supervisor’s sexual overtures.[1] He says in his declaration that after he made it clear to his supervisor that he would never leave his wife, his duties were reassigned, he was excluded from committees he had been assigned to, and his leave usage began to be questioned even though he continued to follow what had been established policy on leave. Also, Luox dedared he was docked pay for his absence when his mother die d, even though he had obtained approval for the leave.
Luox also established a genuine issue of fact on Title VII retaliation claim, and on whether his employer’s reasons for its actions were pretexts for discrimination.[2] His declaration and testimony, if believed by the jury, would establish that the treatment of his leave changed after and because of his protected complaints and rejection of his supervisors sexual overtures. Also, Luox indicated that the same work performance that was satisfactory when his supervisor still thought she had a chance with him sexually, became unsatisfactory after he rejected Maire, and verbal reprimands became formal written reprimands after he complained to her supervisors and to the Nevada Attorney General’s Office.
With regard to the quid pro quo claim and the retaliation claim, Luox also established a genuine issue of fact regarding constructive termination. He submitted medical evidence that the sexual pressure before December 2001, combined with the retaliation for rejecting his supervisor’s advances and his complaint, caused a level of stress such that his physician advised that he quit exposing himself to a toxic work environment. His request for transfer was rejected, so resigning was the only way he could comply with his physician’s advice.
Of course, a jury may reject all of this. But Luox was entitled to put this part of his case, on which summary judgment was granted, before a jury.

. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).